IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| LARRY MILTON AIKEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 110-104 |
| | ) | |
| REGIONS BANK d/b/a REGIONS MORTGAGE, | ) | |
| | ) | |
| Defendant. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff filed the above-captioned case *pro se*, attempting to raise claims pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and state law. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) *(per curiam)*, but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

**I.    BACKGROUND**

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff

entered into an unspecified type of contract[1] with Defendant. (Doc. no. 1, pp. 2, 4.) Plaintiff maintains that Defendant acted wrongfully by failing to make required disclosures relating to the contract. (Id. at 2-3.) Plaintiff also alleges that Defendant unlawfully altered the contract at issue, rendering it unenforceable. (Id.) In addition, Plaintiff makes allegations relating to Defendant improperly charging interest on previously issued credit and creating currency in violation of the U.S. Constitution. (Id. at 3-4.) Plaintiff appears to seek rescission of the contract as well as monetary damages. (Id. at 4.)

## II. DISCUSSION

Plaintiff has failed to state a claim upon which relief may be granted under TILA or any other source of law. Plaintiff fails to make reference to any specific provision of TILA; rather, he makes sweeping allegations about Defendant's failure to disclose required information and only vaguely references TILA. As explained below, Plaintiff's complaint fails to allege any set of facts that would state any conceivable claim under TILA or any other federal law; and the absence of a valid claim arising under federal law warrants dismissal of Plaintiff's remaining state law claims for lack of subject matter jurisdiction.

First, Plaintiff's allegations are insufficient to support a claim for rescission under TILA. TILA rescission rights arise only with respect to transactions that meet certain criteria; to qualify, a transaction must be a consumer credit transaction in which a nonpurchase lien or security interest is, or will be, placed on the consumer's principal

---

[1] While Plaintiff does not specifically identify the type of contract involved, he indicates that he issued a promissory note accompanied by a deed of trust. (Id. at 2.) This, along with the identity of Defendant, suggests that the contract at issue relates to a mortgage loan. Moreover, Plaintiff does not specify any particular security interest involved in the transaction.

2

dwelling. 15 U.S.C. § 1635; Reg. Z, 12 C.F.R. §§ 226.2 & 226.23.

Here, Plaintiff's allegations fail to establish any of these criteria, and while it seems likely that his contract constitutes a consumer credit transaction, his failure to allege that the transaction concerns a nonpurchase lien or security interest on his principal dwelling warrants dismissal. 15 U.S.C. § 1635; Reg. Z, 12 C.F.R. §§ 226.2 & 226.23; see also Frazile v. EMC Mortg. Corp., 2010 U.S. App. LEXIS 11931, at *10 (11th Cir. June 11, 2010) ("TILA exempts from the right of rescission residential mortgage transactions to finance the acquisition or initial construction of such dwelling" (citing 15 U.S.C. §§ 1635(e)(1) & 1602(w); Reg. Z, 12 C.F.R. § 226.23)).

Second, Plaintiff's allegations are insufficient for an award of actual damages under TILA. "A creditor who fails to comply with 'any requirement imposed under' TILA is liable to any person for 'any actual damage sustained by such person *as a result of* the failure . . . .'" Haun v. Don Mealey Imps., 285 F. Supp. 2d 1297, 1303 (M.D. Fla. 2003) (quoting 15 U.S.C. § 1640(a)(1)) (emphasis in original).

In this case, Plaintiff fails to meet this standard in two respects. First, he fails to identify any specific act or omission by Defendant that constitutes a failure to comply with TILA. The closest he comes is an allegation that Defendant failed to disclose a "demand deposit." (Doc. no. 1, p. 2.) No such item is identified in TILA as subject to mandatory disclosure.[2] See 15 U.S.C. §§ 1632(a) & 1638; Reg. Z, 12 C.F.R. § 226.5(a)(2),

---

[2] TILA does impose a disclosure requirement in the case of a creditor who requires that a consumer maintain a deposit account as a condition of the transaction. Reg. Z, 12 C.F.R. § 226.18(r). The only disclosure requirement that TILA imposes in this situation is that the creditor disclose that the annual percentage rate does not reflect the effect of the required deposit. Id. Plaintiff's vague reference to a "demand deposit" being involved in his transaction, unaccompanied by any mention of Defendant's failure to make the disclosure

3

226.17(a)(2). And even if such a disclosure were required, Plaintiff would still not qualify for actual damages because he does not allege any harm sustained as a result of Defendant's failure to disclose the "demand deposit" or any other information. Haun, 285 F. Supp. 2d at 1303.

Finally, Plaintiff's allegations are also insufficient to support an award for statutory damages under TILA. Consumers are generally entitled to recover statutory damages for a defendant's failure to comply with TILA. 15 U.S.C. § 1640(a)(2)(A). However, there are various exceptions to this general rule, many of which relate to disclosure requirements. See Id. §§ 1631-1647. Furthermore, TILA only affirmatively provides for statutory damages for nondisclosure when it relates to certain important information, such as the amount financed, the annual percentage rate, and a statement of retention of a security interest. Id. § 1638(a).

Here, Plaintiff's failure to allege a specific act or omission by Defendant that constitutes a failure to comply with TILA precludes him from stating a claim that would support an award of statutory damages. Neither his general assertion of Defendant's nondisclosure nor his sole specific contention of Defendant's failure to disclose a "demand deposit" identifies a disclosure that is required by the statute. See id. §§ 1631-1647. Furthermore, in failing to identify any discernable type of disclosure that Defendant did not make, Plaintiff necessarily fails to allege a nondisclosure of the sort that would give rise to statutory damages under TILA.

Plaintiff's TILA allegations are thus inadequate to support any conceivable claim available under the statute, and accordingly must be dismissed.

---

required by section 226.18(r), is not sufficient to state a claim for failure to comply with this provision of TILA.

4

Aside from his TILA claim, the only other federal law referred to in Plaintiff's complaint is Article 1, Section 10 of the U.S. Constitution. Plaintiff's claim with respect to this constitutional provision pertains to an allegation that Defendant acted unlawfully by "creating money out of thin air" by way of "a common practice . . . used by the Goldsmiths." (Doc. no. 1, p. 3.) This claim is subject to dismissal pursuant to 28 U.S.C. § 1915 for patent frivolity, as it is "without arguable merit either in law or fact." Ghee v. Retailers Nat'l Bank, 271 F. App'x 858, 859-60 (11th Cir. 2008); see also Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 1991) ("[F]rivolous claims include claims 'describing fantastic or delusional scenarios . . . .'" (quoting Neitzke v. Williams, 490 U.S. 319, 328 (1989)).

Plaintiff's other claims, to the extent that they are discernable, arise under state contract law. Because Plaintiff has failed to state any viable federal claims against the only Defendant, his remaining potential state law claims should also be dismissed because the Court lacks jurisdiction to entertain these claims. This Court derives its authority to decide Plaintiff's claims from 28 U.S.C. § 1331, which provides that district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, § 1367(c)(3) states that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ." Id. § 1367(c)(3) (emphasis added).

The Eleventh Circuit has explicitly advised that a district court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no

longer exists:

> At this time, the case retains no independent basis for federal jurisdiction. . . . A proper resolution of the two state law causes of action will require a careful analysis of Alabama law--something the courts of Alabama are in the best position to undertake and, for reasons of federalism, should undertake. . . . We conclude that the district court should dismiss the state law claims so that Appellee may pursue them in state court.

Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000); see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the . . . defendants, the district court correctly dismissed its remaining state law claims against these defendants."); Rice v. Branigar Org., Inc., 922 F.2d 788, 792 (11th Cir. 1991) (recognizing that trial court's decision to exercise pendant jurisdiction over state law claims is discretionary).

Here, as the Court has determined that the claims serving as the basis for original federal court jurisdiction should be dismissed, the Court also concludes that any potential state law claims should be dismissed without prejudice so that Plaintiff may, if he chooses, pursue them in state court.

### III. CONCLUSION

For the reasons set forth above, this Court **REPORTS** and **RECOMMENDS** that Plaintiff's case be **DISMISSED** for failure to state a claim upon which relief can be granted and that this civil action be **CLOSED**, with the caveat that Plaintiff's claims arising under state law be **DISMISSED WITHOUT PREJUDICE.**

SO REPORTED and RECOMMENDED this 16th day of September, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

6